1
2
3
4
5

Law Office of J. Gregory Lockwood, PLLC.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491
jgregorylockwood@hotmail.com

6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8
9
10

ALLAN MARGITAN and GINA
MARGITAN husband and wife,

11

        Plaintiffs,

12

vs.

13
14
15

SPOKANE REGIONAL
HEALTH DISTRICT, a
municipal corporation,

16
17

        Defendant.

NO.

COMPLAINT FOR
DAMAGES

**JURY DEMAND**

1.  42 U.S.C. § 1983 - Right to due
 process of law;

2.  42 U.S.C. § 1983 – Equal
 Protection Class of one claim;

3.  28 U.S.C. § 1367 - State
Law Claim – Breach of
Contract - third-party
beneficiary;

4.   28 U.S.C. § 1367 - State
Law Claim Intentional infliction
of emotional distress.

5.   28 U.S.C. § 1367 - State
Law Claim failure to enforce
WAC 246-272A-0210.

18
19
20
21
22
23
24
25

COMPLAINT FOR DAMAGES - 1

**JURY DEMAND**

Plaintiffs ALLAN MARGITAN and GINA MARGITAN hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**INTRODUCTION**

COME NOW Plaintiffs ALLAN MARGITAN and GINA MARGITAN, by and through their counsel of record, Law Office of J. Gregory Lockwood, PLLC, and complain against SPOKANE REGIONAL HEALTH DISTRICT as follows:

## I. PARTIES

1.1    Plaintiffs ALLAN MARGITAN and GINA MARGITAN, husband and wife, hereafter "MARGITAN(S)", at all times mentioned in this complaint were residents of Spokane County, Washington and owners of Parcels 1 and 3 of Short Plat 1227-00, Spokane County, Washington.

1.2    Defendant SPOKANE REGIONAL HEALTH DISTRICT (hereafter "SRHD") is a municipal corporation with the capacity to sue and be sued operating in Spokane County, Washington under the color of law of the State of Washington. Employees, agents and representatives of the SRHD have engaged in the acts complained of herein, pursuant to the direction, policies, practices and customs of the SRHD.

COMPLAINT FOR DAMAGES - 2

## II. JURISDICTION, VENUE

2.1    This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution.

2.2    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

2.3     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2.4    All parties are located in Spokane County, Washington and all events and conduct complained of herein occurred in the Eastern District of Washington, making venue proper in the Eastern District of Washington.

## III. FACTUAL ALLEGATIONS

3.1    On March 11, 2002 Don Cobly of the SRHD approved the final plat for Short Plat 1227-00, Spokane County, Washington (hereafter "Short Plat") confirming that the requirements of SRHD were satisfactorily complied with by the plat developer.

3.2    The SRHD had required Short Plat 1227-00, Spokane County, Washington to include the forty-foot easement with all Parcels being serviced with public water and private septic systems. See attached copy of the Short plat

COMPLAINT FOR DAMAGES - 3

requirements by the SRHD marked as Exhibit "A" and incorporated by reference.

3.3    The final plat for the Short Plat consisted of three (3) adjacent Parcels, Parcel 1, 2 and 3.

3.4    On the face of the Short Plat, a 40-foot dedicated easement for ingress, egress and utilities was identified for the Parcels in Short Plat 1227-00, as required by SRHD.  See attached copy of the approved Short Plat marked as Exhibit "B" and incorporated by reference.

3.5    On or about May 1, 2002 Plaintiffs' neighbors purchased their property (Parcel 2 of the Short Plat) located at 14418 W. Charles Road in Nine Mile Falls, Washington and legally described as:

Parcel 2, Short Plat 1227-00 as per Plat recording in Volume 18 of Short Plats, Page 3, records of Spokane County; situated in the County of Spokane, State of Washington.
Tax Parcel No. 17274.9109.

3.6    The dedicated 40-foot easement of the Short Plat runs along the southern side of Parcel 2.

3.7    On June 6, 2002 Mr. and Mrs. Hanna, the owners of Parcel 2 (hereafter "Hanna(s)") applied for an on-site sewage system, (application No. 02-4270) with the SRHD, to install an on-site septic tank and drain field on Parcel 2.

COMPLAINT FOR DAMAGES - 4

3.8    SRHD has exclusive authority to regulate and approve residential and commercial septic systems in Spokane County, Washington.

3.9    The Hannas' proposed on-site septic tank and drain field drawing submitted to SRHD indicated a 20-foot easement and not the correct 40-foot easement running along the southern side of Parcel 2 in the Short Plat.

3.10    Based on SRHD's review of the property file and design plan submitted by the Hannas, SRHD approved the application and issued Permit No. 02-4270 on January 10, 2003.

3.11    SRHD failed to address the easement width error in the application for the on-site septic system submitted by the Hannas.

3.12    On or about March 11, 2003 the Hannas submitted to SRHD an As-Built drawing for the on-site septic tank and drain field for Permit No. 02-4270. See attached copy of the As-Built drawing marked as Exhibit "C" and incorporated by reference.

3.13    The As-Built drawing clearly identified the location of the septic tank and drain field adjacent to a 20-foot easement and not the correct 40-foot easement running along the southern side of Parcel 2.

3.14    On February 1, 2010 Plaintiffs purchased their property (Parcel 3) located at 14404 W. Charles Road in Nine Mile Falls, Washington and legally described as:

COMPLAINT FOR DAMAGES - 5

Parcels 3, Short Plat 1227-00 as per Plat recording in Volume 18 of Short Plats, Page 3, records of Spokane County; situated in the County of Spokane, State of Washington. Tax Parcel No. 17274.9110.

3.15    The Plaintiffs accessed Parcels 3 by the deeded 40-foot easement running along the southern side of Parcel 2.

3.16    Shortly after purchasing Parcels 3, the Plaintiffs began remodeling of an existing home on the property to convert it to a high-end rental property.

3.17    On or about September 2, 2012 the Hanna(s) filed a complaint in Spokane County Superior Court alleging multiple claims, including a claim to reduce the width of the 40-foot easement running along the southern side of Parcel 2 to 20 feet.

3.18    During the course of litigation, the Plaintiffs discovered the Hannas' septic drain field was located within the 40-foot easement where their utilities (electric and water line) were located.

3.19    SRHD was made aware that Parcel 2 is subject to a 40-foot easement along the southern side of the property and that the Hannas' drain field was located in the easement along with the Plaintiffs' utilities (electric and water line).

COMPLAINT FOR DAMAGES - 6

3.20  Washington State Department of Health and SRHD have exclusive authority to enforce the rules of WAC chapter 246-272A regulating septic systems and drain fields pursuant to WAC 246-272A-0430.

3.21  The Hanna(s)' on-site septic and drain field being located within the 40-foot easement that passes through Parcel 2 was in violation of Washington Administrative Code (WAC) 246-272A-0210, which mandates that a drain field be setback at a minimum of five (5) feet from any easement line.

3.22  The enforcement of WAC 246-272A-0210 is not discretionary by the State of Washington and SRHD.

3.23  On or about July 2013 the Plaintiffs made a formal complaint to SRHD, through Supervisor Steve Holderby, to enforce the setback requirements of WAC 246-272A-0210 and require the Hanna(s)' drain field (with its human waste) be removed from their utility easement.

3.24  SRHD Supervisor Steve Holderby confirmed the Plaintiffs' complaint to SRHD in his deposition on July 10, 2015 by stating:

Page 61
3 A    I think it was July of 2013. I don't know the specific
4        date.
5 Q    Do you know how you learned of it?
6 A    It was through a complaint.
7 Q    And who made the complaint?
8 A    Mr. Margitan.
9 Q    Do you remember what was the basis of his complaint?
10 A   The basis of his complaint was whether or not we were

COMPLAINT FOR DAMAGES - 7

11    aware that the drain field was in the easement and didn't
12    meet the setback requirements to an easement.'

See attached deposition excerpt marked as Exhibit "D" which is incorporated by reference.

3.25    Based upon the Plaintiffs' complaint, Steve Holderby of SRHD informed the plaintiffs that if the drain field was located within the easement it would be required to be removed and further notified the Hanna(s) that the location of their on-site septic drain field on Parcel 2 constitutes a nonconforming on-site sewage system, in violation of the setback requirements of WAC 246-272A-0210. See attached letter to Hanna(s) dated August 30, 2013, marked as Exhibit "E" which is incorporated by reference.

3.26    The Hanna(s), pursuant to regulation, had a reserve drain field area designated on their "AS Built" drawings submitted to SRHD for the purpose of reserving a location to relocate the drain field if a problem occurred with the existing drain field.

3.27    SRHD did not require the Hanna(s)' on-site septic and drain field to be moved to the reserve area or out of the Plaintiffs' easement.

COMPLAINT FOR DAMAGES - 8

3.28    SRHD on behalf of Hanna(s) pressured the Plaintiffs to allow the Hanna(s) to reduce the easement width from 40 feet to 20 so the Hanna(s)' drain field would not require removal.

3.29    For the purpose of resolving the Plaintiffs' complaint to SRHD to have the Hanna(s)' drain field removed from the Plaintiffs' 40-foot utility easement, SRHD entered into an agreement with the Hanna(s), (hereafter SRHD/Hanna agreement)

3.30    The SRHD/Hanna agreement allowed the Hanna(s)' drain field to remain in the Plaintiffs' utility easement until such time as the Hanna(s)' litigation against the Plaintiffs was completed, at which time the drain field would need to be brought into compliance with WAC 246-272A-0210. See attached SRHD/Hanna agreement marked as Exhibit "F" which is incorporated by reference.

3.31    Steve Holderby confirmed the purpose of the SRHD/Hanna agreement in his deposition on July 10, 2015 by stating:

Page 100
12 Q  Okay. It's my understanding that Spokane Regional
13       Health District came up with this agreement to resolve the
14       complaint issue that was filed by the Margitans; is that
15       right?
16 A  We were dealing with the non-conformance system and
17       based on litigation that was occurring with easements we
18       chose to delay it until such time that that litigation was

COMPLAINT FOR DAMAGES - 9

19    finalized and this is an issue that the Health Officer has
20    the authority to do.
21 Q  Okay. The agreement itself though, that came about
22    because of the complaint that was filed by the Margitans?
23 A  That's correct.
24 Q  So this agreement was drafted in response to that
25    complaint?

Page 101
1 A  That's correct.
2 Q  This agreement was supposed to resolve the issues raised
3    in that complaint?
4 A  That's correct.
5 Q  Okay. And this non-conforming septic system interfered
6    with the easement that belonged to the Margitans. Is that
7    your understanding?
8 A  My understanding is that the easement was present for
9    ingress/egress and utilities and because it was placed in
10    the easement it became a non-conforming system and it was a
11    way of remedying that situation but was putting a hold on it
12    until litigation was completed.

See attached deposition excerpt marked as Exhibit "G" which is
incorporated by reference.

3.32    The Plaintiffs objected to the SRHD/Hanna agreement for its failure to
enforce septic system violations that affected the Plaintiffs' easement and
property rights,

3.33    Since the SRHD/Hanna agreement did not require the Hanna(s) to comply
with WAC 246-272A-0210, the Plaintiffs were instructed to monitor their
drinking water for contamination if they had a concern.

COMPLAINT FOR DAMAGES - 10

3.34    Due to the SRHD/Hanna agreement, the Plaintiffs filed a complaint with the Spokane County Superior Court No. 15-2-00545-1 to require SRHD to enforce WAC 246-272A-0210 and damages.

3.35    In response, on November 12, 2015 SRHD filed a motion to dismiss the Plaintiffs' complaint, arguing in its memorandum at page 10 line 6:

In the present case, Margitans challenge (1) SRHD's decision to enter into an Agreement with Hannas in which Hannas have **agreed t**o move the drain field off of the easement once the litigation between Hannas and Margitans is completed, and (2) SRHD's decision that there was insufficient information as to the relative locations of the pressurized water line and the drain field to know if there is a regulatory violation. The failure to enforce exception is not applicable to these decisions because SRHD's broad discretion with respect to enforcement precludes any duty to Margitans from arising…

See attached excerpt from memorandum marked as Exhibit "H" which is incorporated by reference.

3.36    Further, on December 14, 2015, SRHD filed in reply to the Plaintiffs' objection to dismissal at page 9 line 22:

With respect to the placement of the drain field **within five feet of an easement**, SRHD has taken corrective action. It has entered into a contractual, recorded agreement with Hannas in which Hannas are obligated **to move the drain** field, or otherwise bring it into compliance, once the location of other easements is established by the Courts. Such an agreement is allowed by WAC 246-272A-0210. (emphasis added)

COMPLAINT FOR DAMAGES - 11

See attached excerpt from memorandum marked as Exhibit "I" which is incorporated by reference.

3.37   Based upon the representations by SRHD that the agreement with Hannas resolved the issue of the drain field removal from the Plaintiffs' easement, the state trial court dismissed the Plaintiffs' complaint as to SRHD.

3.38   On July 22, 2016 the Hanna(s)' appeal to the Washington Court of appeals was dismissed, triggering the enforcement date for the SRHD/Hanna agreement.

3.39   On February 2, 2017 the Hanna(s) submitted an application for a replacement septic system in which it indicated that they would abandon the then existing drain field in Plaintiffs' easement.

3.40   On February 22, 2017 the Defendant SRHD approved the Hanna(s)' septic application allowing the Hanna(s) then existing drain field to remain in the Plaintiffs' utility easement.

## IV. FIRST CAUSE OF ACTION
### Right to due process of law; 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments to the United States Constitution;
### Article I, § 3 of the Washington State Constitution

4.1   Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs 1 through 3.40 as though fully set forth here.

COMPLAINT FOR DAMAGES - 12

4.2    SRHD, their employees and agents, owed Plaintiffs a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 3 of the Washington Constitution to protect the health, safety and property right of the Plaintiffs.  This duty is applied to prevent injury to the Plaintiffs over whom SRHD had been mandated to protect through the application of Washington State Health and Safety regulations.

4.3    Despite this well-defined duty, SRHD, while acting intentionally under color of law, (1) provided Plaintiffs with no due process prior to entering into what SRHD alleged to be a delayed enforcement and resolution of the Plaintiffs' complaint for enforcement of WAC 246-272A-0210.

4.4    SRHD had no jurisdiction over the Plaintiffs' recorded easement.

4.5    SRHD had no authority to delay enforcement of WAC 246-272A-0210, knowing the delay would impact the Plaintiffs' recorded easement.

4.6    Washington State Department of Health that over sees SRHD had instructed SRHD that WAC 246-272A-0210 could not impact a recorded easement.   See attached letter dated July 15, 2016, marked as Exhibit "J" which is incorporated by reference.

4.7    The acts of SRHD, their employees and agents, were intentional in failing to protect and preserve Plaintiffs' property rights as set forth in WAC 246-

272A-0210(1). At a minimum, Defendant, SRHD was deliberately and intentionally indifferent to the property rights of the Plaintiffs without due process based on the United States Constitutional violations, Washington State Constitutional violations and Washington State Health and Safety violations of law.

4.8 As a direct and proximate consequence of the acts of SRHD, its agents and employees, Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 for unwarranted and unnecessary health and safety risks, which negatively affect Plaintiffs' property right, together with loss of rents, remedial and cleanup costs, and are entitled to both compensatory and emotional distress damages.

**V. SECOND CAUSE OF ACTION**
**42 U.S.C. SECTION 1983: Equal Protection-**
**Fourteenth Amendment to United States Constitution;**
**Article I, §3 of the Washington State Constitution**
**"Class of one claim"**

5.1 Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 4.8, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Plaintiffs further allege as follows:

5.2 SRHD, their employees and agents acted intentionally under color of law to deny Plaintiffs equal protection of the law in violation of their Fourteenth

COMPLAINT FOR DAMAGES - 14

Amendment of the United States Constitution and Article I, §3 of the Washington State Constitution.

5.3     Specifically, SRHD acted intentionally under color of law, refused to require the removal of the Hanna(s)' drain field from the utility easement of the Plaintiffs in violation of WAC 246-272A-0210, and entered into an agreement alleging a delayed enforcement until the Hanna(s)' litigation against the Plaintiffs was completed.

5.4     Following completion of the Hanna(s)' litigation against the Plaintiffs, SRHD knowingly and with intent approved the Hanna(s)' application for a new septic system, allowing the old Hanna(s)' septic system and drain field containing human waste to remain in the Plaintiffs' deeded utility easement.

5.5     SRHD intentionally treated the Plaintiffs differently than others similarly situated in Spokane County, Washington, as SRHD knowingly and with intent refused to enforce Washington State setback requirements of WAC 246-272A-0210.

5.6     SRHD intentionally treated the Plaintiffs differently than others similarly situated in Spokane County, Washington, by knowingly and intentionally allowing the Hanna(s)' violation of Washington State setback requirements

of WAC 246-272A-0210 to negatively impact the Plaintiffs as innocent third-parties.

5.7  SRHD knew it had no authority or jurisdiction over the Plaintiffs or their deeded utility easement.

5.8  SRHD knew it had no authority to allow the Hanna(s)' septic system and/or drain field, which contains human waste, to permanently remain in the Plaintiffs' deeded utility easement.

5.9  SRHD had/has specific authority and jurisdiction under Washington law to require the Hanna(s) to remove their septic system and drain field containing human waste from the Plaintiffs' deeded utility easement.

5.10  SRHD, without authority or jurisdiction over the Plaintiffs or the Plaintiffs' easement, (1) entered into an agreement with the Hanna(s), which allowed the Hanna(s)' drain field containing human waste to remain in the Plaintiffs' utility easement in violation of Health and Safety code WAC 246-272A-0210; (2) approved the, Hanna(s)' new drain field allowing the original drain field containing human waste to be abandoned and remain within the Plaintiffs' easement, permanently and negatively effecting Plaintiffs' property rights.

5.11  SRHD's intentional acts had no rational basis, treating the Plaintiffs differently than others similarly situated in Spokane County, Washington,

COMPLAINT FOR DAMAGES - 16

by allowing known violations of Health and Safety regulations to exist, causing harm to the innocent third-party Plaintiffs who constitute a "Class of one".

5.12  SRHD's acts were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

5.13  As a result of SRHD's above referenced acts, Plaintiffs suffered injuries, including, but not limited, unwarranted and unnecessary health risks, loss of rents, remedial clean-up costs, reduced use of property, and emotional distress.

## VI. THIRD CAUSE OF ACTION
### (28 U.S.C. SECTION 1367)
### State Law Claim – BREACH OF THIRD-PARTY BENEFICIARY

6.1  Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 5.13 and the preceding paragraphs are to read in conjunction with the allegations in this Count. Plaintiffs further allege as follows:

6.2.  The Court has jurisdiction over the parties, and this claim pursuant to 28 U.S.C. §1367.

6.3  On or about October 18, 2013 SRHD entered into a written agreement (SRHD/Hanna agreement) for the purpose of resolving the complaint filed with SRHD by the Plaintiffs, requesting the enforcement of WAC 246-

COMPLAINT FOR DAMAGES - 17

272A-0210 and the removal of the Hanna(s)' septic and drain field which contain human waste from the Plaintiffs' deeded easement.

6.4     SRHD knew that the Plaintiffs would benefit from their agreement as the purpose of the SRHD/Hanna agreement was to resolve the Margitans complaint to SRHD and Plaintiffs would be harmed by any breach of the agreement, as the drain field with its human waste would remain in the Margitan easement.

6.5     The Plaintiffs relied upon the SRHD/Hanna agreement to remove the Hanna(s)' septic and drain field, which contain human waste from the Plaintiffs' deeded easement as represented by Steve Holderby with SRHD.

6.6     SRHD intentionally breached the SRHD/Hanna agreement by granting a new septic and drain field application by the Hanna(s) and failing to require the Hanna(s) to remove the septic and drain field (with its human waste) from the Plaintiffs' easement.

6.7     As a direct and proximate result of SRHD's third-party breach of the SRHD/Hanna agreement, the Plaintiffs suffered damages including but not limited to legal expenses and costs related to efforts to have the Hanna drain field removed from their easement, loss rents, remediation costs and emotion distress all in an amount to be determined at trial.

COMPLAINT FOR DAMAGES - 18

## VII. FOURTH CAUSE OF ACTION
### (State Law Claim)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.1   Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 6.7, and the preceding paragraphs are to read in conjunction with the allegations in this Count. Plaintiffs further allege as follows:

7.2   The Plaintiffs protested the SRHD/Hanna agreement allowing the Hanna(s) to keep their drain field in the Plaintiffs' easement.

7.3   The Plaintiffs filed litigation in Spokane County Superior court No. 15-2-00545-1 to require SRHD to enforce WAC 246-272A-0210 and to require removal of the Hanna(s)' septic and drain field containing human waste from the Plaintiffs' easement.

7.4   In response, on November 12, 2015, SRHD made intentionally false and misleading statements to the Court in its motion for summary judgment to dismiss the Plaintiffs' complaint, arguing in their memorandum at page 10 line 6:

In the present case, Margitans challenge (1) SRHD's decision to enter into an Agreement with Hannas in which Hannas have **agreed to move the drain field off of the easement once the litigation between Hannas and Margitans is completed,** and (2) SRHD's decision that there was insufficient information as to the relative locations of the pressurized water line and the drain field to know if there is a regulatory violation. The failure to enforce exception is not

COMPLAINT FOR DAMAGES - 19

applicable to these decisions because SRHD's broad discretion with respect to enforcement precludes any duty to Margitans from arising…

See attached excerpt of memorandum dated November 12, 2015, marked as Exhibit "H" which is incorporated by reference.

7.5 On December 14, 2015 SRHD filed an additional memorandum containing false and misleading statements to the Court, which stated at page 9 line 22:

With respect to the placement of the drain field **within five feet of an easement**, SRHD has taken corrective action. It has entered into a contractual, recorded agreement with Hannas in which Hannas are obligated **to move the drain** field, or otherwise bring it into compliance, once the location of other easements is established by the Courts. Such an agreement is allowed by WAC 246-272A-0210. (emphasis added)

See attached excerpt of memorandum dated December 14, 2015 marked as Exhibit "I" which is incorporated by reference.

7.6 On January 16, 2016 SRHD filed an additional memorandum in state court making false and misleading statements to the court stating at page 4 line 6:

Similarly, Plaintiffs have known that SRHD and Hanna's entered into an Agreement regarding the timeline of bringing the drain field into compliance with the WAC regarding the required set back from an easement since before they filed the lawsuit.

COMPLAINT FOR DAMAGES - 20

See attached excerpt of memorandum dated January 16, 2016, marked as

Exhibit "K" which is incorporated by reference

7.7    On May 25, 2016 SRHD filed an additional memorandum in state court making false and misleading statements to the Court stating at page 8 line 11:

Margitans' claim is based solely on the fact that <u>SRHD</u> **temporarily allowed the drain field to stay** within the easement. (emphasis added)

See attached excerpt of memorandum dated May 25, 2016, marked as

Exhibit "L" which is incorporated by reference

7.8    On July 18, 2016 SRHD filed an additional memorandum in state court making false and misleading statements to the Court stating at page 11 line 20:

In the present case, Margitans challenge (1) SRHD's decision to enter into an Agreement with Hannas in which Hannas have agreed to **move the drain field off of the easement** once the litigation between Hannas and Margitans is completed,… (Emphasis added)

See attached excerpt of memorandum dated July 18, 2016, marked as

Exhibit "M" which is incorporated by reference

7.9    On July 28, 2016 SRHD filed an additional memorandum in state court making misleading statements to the Court stating at page 3 line 8:

First, it is clear that **the drain field is not permitted to stay in the easement permanently**.

COMPLAINT FOR DAMAGES - 21

See attached excerpt of memorandum dated July 28, 2016, marked as Exhibit "N" which is incorporated by reference

7.10    On August 1, 2016 the trial court, relying upon SRHD's false and misleading statements, granted SRHD's summary judgment and dismissed the Plaintiffs' case against SRHD by stating:

> In October 2013, the Health District and Hannas entered into a **written agreement that required the drain field to be moved within 30 days of the conclusion of some pending litigation**, what I'll refer to as the appeal that included Margitan, Hannas, and some other parties.
>     …
> **There's no dispute that the Health District has required the Hannas to remove the drain field within 30 days of the resolution of the pending appeal**, which I understand has now been resolved. (emphasis added)

See attached excerpt of Verbatim Reports of Proceedings Vol. 1 pages 1 - 200 dated August 1, 2016, marked as Exhibit "O" which is incorporated by reference

7.11    SRHD's act of filing false and misleading statements with the state court referenced above were done intentionally and/or recklessly for the purpose of dismissing the Plaintiffs' civil complaint against SRHD.

7-12    SRHD's act of filing false and misleading statements with the state court referenced above was extreme and outrageous conduct by a governmental agency.

COMPLAINT FOR DAMAGES - 22

7.13   The act of making false and misleading statements to the Court by SRHD caused the Plaintiffs' severe emotional distress as the Plaintiffs knew SRHD was actively working with the Hanna(s) to obtain a waiver of the setback requirements of WAC 246-272A-0210, which was not disclosed to the state court.

7.14   On April 28, 2017 SRHD approved the Hanna(s)' new septic system and drain field.  Intentionally leaving the original Hanna(s)' septic system and drain field containing human waste confirmed the Plaintiffs' fears and caused additional emotional distress.

7.15   The Plaintiffs requested SRHD to comply with the SRHD/Hanna agreement.  However, SRHD indicated that once the Hanna(s) hooked up to the new septic system and drain field they no-longer had any jurisdiction; this was the Plaintiffs' problem.

7.16    As a direct and proximate result of SRHD's act of making false and misleading statements to the Court, Plaintiff suffered severe emotional distress in an amount to be proven at trial.

### VIII. FIFTH CAUSE OF ACTION
### (State Law Claim)
### FAILURE TO ENFORCE WAC 242-272A-0210

8.1   Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs 1 through 7.16, and the preceding paragraphs

COMPLAINT FOR DAMAGES - 23

are to read in conjunction with the allegations in this Count. Plaintiffs further allege as follows:

8.2    The Hanna(s) filed an application for a new septic and drain field, abandoning the original drain field with its human waste in the Margitan easement which was granted by SRHD.

8.3    SRHD refusal to enforce WAC 242-272A-0210 and compel the Hanna(s) to remove the original drain field from the Margitan's easement was an intentional decision and act.

8.4    As a direct and proximate result of SRHD's refusal to enforce WAC 242-272A-0210 and compel the Hanna(s) to remove the original drain field from the Margitan's easement, the plaintiffs have suffered damages including but not limited to legal expenses and costs related to efforts to have the Hanna drain field removed from their easement, loss rents, remediation costs and emotion distress all in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and Washington constitutions and the laws of Washington;

COMPLAINT FOR DAMAGES - 24

2.    For general and compensatory damages for violation of Plaintiffs' federal and state constitutional and statutory rights, loss rents, remediation costs, pain and suffering, all to be determined according to proof;

3.    For general and compensatory damages for Plaintiffs as third-party beneficiary of breached SRHD/Hanna agreement including but not limited to loss rents and remediation costs:

4.    For damages related to SRHD refusal to enforce WAC 242-272A-0210 for legal fees and costs, loss rents, remediation costs and emotional distress in an amount to be proven at trial;

5.    For reasonable attorneys' fees and costs of suit allowed by law: and

6.    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of September 2019.

LAW OFFICE OF
J. GREGORY LOCKWOOD, PLLC

/s/ *J. Gregory Lockwood*_____
J. GREGORY LOCKWOOD, WSBA 20629
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 25