not exist. *Smith v. City of Kelso,* 112 Wn.App. 277, 48 P.3d 372 (2002). In the context of building codes, the Supreme Court has stated that the purpose of such codes is to protect the public safety, health and welfare, not to protect individuals from economic loss caused by public officials while carrying on public duties. *Taylor v. Stevens County,* 111 Wn.2d 159, 169, 759 P.2d 447 (1998).

In the present case, Margitans challenge (1) SRHD's decision to enter into an Agreement with Hannas in which Hannas have agreed to move the drain field off of the easement once the litigation between Hannas and Margitans is completed, and (2) SRHD's decision that there was insufficient information as to the relative locations of the pressurized water line and the drain field to know if there is a regulatory violation. The failure to enforce exception is not applicable to these decisions because SRHD's broad discretion with respect to enforcement precludes any duty to Margitans from arising. Further, Margitans cannot establish the elements of the failure to enforce exception.

1. Drain Field Within An Easement.

SRHD has broad discretion with respect to the correction of non-conforming systems. WAC 246-272A-430(2) states that:

> When a person violates the provisions under this chapter, the department, local health officer, local prosecutor's office or office of the attorney general may initiate enforcement or disciplinary actions, or any other legal proceeding authorized by law including, but not limited to, any one or a combination of the following:
>
> (b) Orders directed to the owner and/or operator of the OSS and/or person causing or responsible for the violation of the rules of chapter 246-272A WAC.

SCH.SJMEMO.PLDG.DOC

DEFENDANT SRHD AND SRHD BOARD
OF HEALTH'SMEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT . . . P. 10


201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334


SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

**Exhibit "H"**