(3) Fail to take corrective action despite a statutory duty to do so; and

   (4) The plaintiff is within the class of persons the statute is designed to protect.

*Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 352 P.3d 807 (2015); *Margitans' Opposition*, p. 26, lines 18-24. For purposes of this summary judgment only, SRHD will presume that the first and fourth elements are met. However, Margitans have not and cannot establish that SRHD has actual knowledge that the Hannas' drain field is within ten feet of the pressurized water line and that SRHD failed to take corrective action consistent with WAC 246-272A-0210 with respect to Hannas' failure to have a five foot separation between the drain field and an easement.

  Margitans have presented no evidence to support their contention that SRHD is aware that the drain field is within ten feet of the pressurized water line. Further, Margitans are unable to present such information, because no one knows the location of the water line. Application of the failure to enforce exception requires that Margitans create a genuine issue of material fact establishing that SRHD has actual knowledge of a statutory violation – Margitans have not done so. SRHD has no statutory authority to engage in enforcement based on Margitans' speculation that the drain field <u>might</u> be within ten feet of a pressurized water line. Absent actual knowledge of a violation, the failure to enforce exception does not apply.

  With respect to the placement of the drain field within five feet of an easement, SRHD has taken corrective action. It has entered into a contractual, recorded agreement with Hannas in which Hannas are obligated to move the drain field, or otherwise bring it into compliance, once the location of other easements is established by the Courts. Such

SRHD REPLY TO MARGITANS' OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT . . . P.9

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334

SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW


Exhibit "I"

an agreement is allowed by WAC 246-272A-0210. Margitans cannot establish that SRHD failed to take corrective action.

Because SRHD has broad discretion with respect to enforcement, and because Margitans have not established the elements of the failure to enforce exception, the exception to the public duty doctrine does not apply.

3. Special Relationship Exception.

The special relationship exception does not apply because Margitans have failed to set forth admissible facts indicating that SRHD unequivocally promised him that it would act in a specific way with respect to his complaint. In summary, Margitans allege that SRHD promised to act "quickly" on his complaint, and that it would keep his identity as a complainant confidential to the extent possible as an agency subject to the Public Records Act. Neither of these allegations constitute an unequivocal promise to act in specific way sufficient to give rise to a special relationship. Further, there is no claim in Margitans' lawsuit alleging an improper disclosure of Allan Margitan's identity as a complainant.

Margitans' contentions with respect to confidentiality are a complete red herring. First, Margitan was aware that SRHD is a public entity subject to requests for public records. He had no reasonable expectation of privacy with respect to his identity as a complainant. Second, one would not have to be the proverbial rocket scientist to figure out who had made the complaint. There are three parcels total. Margitans own the two parcels on either side of Hannas. There is ongoing litigation between Margitans and Hannas. Even though SRHD did not disclose Margitan's identity as the complainant, it was obvious who the complainant was from the first communication to Hannas on

SRHD REPLY TO MARGITANS' OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT ... P.10

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334



SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

Exhibit "I"