below, SRHD did not engage in an unconstitutional taking.

Article I, Section 16 of the Washington State Constitution states that "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made." Absent the government actually taking a citizen's property, a claim of a taking must challenge a regulation. See, *Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 829 P.2d 765 (1992)("In addition to outright physical appropriation of property, a taking can be accomplished by overregulation."). Margitans make no such challenge. To the contrary, they seek enforcement of the regulation. SRHD has located no authority suggesting that the failure to enforce a regulation constitutes a taking.

Margitans' claim is based solely on the fact that SRHD temporarily allowed the drain field to stay within the easement. Specifically, Margitans' Second Amended Complaint states as follows:

> 1. SRHD us[ed] its governmental authority . . . to delay the compliance of the defendants Hanna's septic system . . . . (¶ 9.2)
>
> 2. The agreement . . . allowed the Hanna's non-compliant septic system to temporarily remain within the plaintiff's easement. (¶ 9.3)
>
> 3. The agreement . . . allowed Defendant Hanna's non-compliant septic system to temporarily remain within the plaintiff's easement for the sole and privet [sic] use and benefit of . . . Hannas and lacks any reasonable justification or advances [sic] a legitimate government objective. (¶ 9.4)
>
> 4. The agreement . . . allowed . . . the non-compliant septic system to temporarily remain within the . . . easement which has prevented the plaintiffs from the full use and enjoyment of their property interest. (¶ 9.5)

SRHD AND SRHDBOH MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT RE: (1) INTENTIONAL
INTERFERENCE WITH BUSINESS EXPECTANCY AND (2)
UNCONSTITUTIONAL TAKING . . . P.8

SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW
201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



Exhibit "L"