b. *Failure to Enforce Exception.*

The failure to enforce exception applies when '(1) governmental agents responsible for enforcing statutory requirements, (2) possess actual knowledge of a statutory violation, (3) fail to take corrective action despite a statutory duty to do so, and (4) the plaintiff is within the class the statute intended to protect. *Woods View II, LLC v. Kitsap County*, 2015 WL 3608691 (June 9, 2015). Only when each of those elements are met does the public official have a duty to the plaintiff. *Smith v. City of Kelso*, 112 Wn.App. 277, 48 P.3d 372 (2002). Liability does not attach unless the government's failure to act was unreasonable considering the level of risk involved. *Id.* The failure to enforce exception is narrowly construed so as to avoid dissuading public officials from carrying out their public duties. *Atherton Condominium Apartment Owner's Assoc. v. Blume Development Co.*, 115 Wn.2d 506, 531, 799 P.2d 250 (1990). Where a public official has broad discretion, a duty does not exist. *Smith v. City of Kelso*, 112 Wn.App. 277, 48 P.3d 372 (2002). In the context of building codes, the Supreme Court has stated that the purpose of such codes is to protect the public safety, health and welfare, not to protect individuals from economic loss caused by public officials while carrying on public duties. *Taylor v. Stevens County*, 111 Wn.2d 159, 169, 759 P.2d 447 (1998).

In the present case, Margitans challenge (1) SRHD's decision to enter into an Agreement with Hannas in which Hannas have agreed to move the drain field off of the easement once the litigation between Hannas and Margitans is completed, and (2) SRHD's decision that there was insufficient information as to the relative locations of the pressurized water line and the drain field to know if there is a regulatory violation. The failure to

SCH.TB.PLDG.DOC

SRHD TRIAL BRIEF ... P. 11

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



Exhibit "M"