Margitans allege that the Court made an error of law when it decided that the Agreement between SRHD and Hannas setting forth a compliance schedule was a proper use of SRHD's discretion. As support for their assertion, Margitans seek to expand the decision relating to the waiver request to mean that SRHD did not have the legal authority to enter into the Agreement with Hannas providing a timeline within which to bring the on-site system into compliance. This is an allegation that the Court made an error of law, which is not properly reviewable pursuant to CR 60(b).

Further, this interpretation reads too much into the waiver denial. First, it is clear that the drain field is not permitted to stay in the easement permanently. The Agreement provides that the system must be brought into compliance. The email from an employee of DOH did not address the Agreement, only the waiver request, and is not inconsistent with SRHD's actions.

Contrary to Margitans' allegation in his declaration, review in the Court of Appeals is concluded upon issuance of a mandate, not the Court's decision. RAP 12.5. The mandate was filed on July 22, 2016. *Declaration of Michelle K. Fossum,* ¶ 5, Exhibit C.

C.   MARGITANS HAVE BEEN AWARE OF HANNAS' WAIVER REQUEST FOR MORE THAN A MONTH.

Margitans further allege that they were unaware of the Hannas waiver request until they received a response to their public records request on July 26 and accuse SRHD of failing to timely supplement discovery responses. Margitans fail to inform the court that they have been aware of the waiver request for more than a month.

Both the Margitans and their counsel were aware of SRHD's receipt of the waiver

SCH.CR60.RESP.PLDG.DOC

SRHD RESPONSE TO MOTION
PURSUANT TO CR60(b) . . . P. 3

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334

SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW



Exhibit "N"