1        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

2             IN AND FOR THE COUNTY OF SPOKANE

3   ALLAN MARGITAN and GINA      )
    MARGITAN, husband and wife,)
4            Plaintiffs,         )
                                 )  No. 15-2-00545-1
5   v.                           )
                                 )  COA No. 347460
6   SPOKANE REGIONAL HEALTH      )
    DISTRICT, a municipal        )
7   corporation, and SPOKANE     )
    REGIONAL HEALTH DISTRICT     )
8   BOARD OF HEALTH, a           )
    municipal corporation, and )
9   MARK HANNA and JENNIFER      )
    HANNA, husband and wife,     )
10           Defendants.         )

11

12             VERBATIM REPORTS OF PROCEEDINGS
                        Vol. I
                   PAGES 1 - 200
13

    BEFORE:   Honorable James M. Triplet
14

    DATES:    August 1, 2016, and August 2, 2016
15

    APPEARANCES:
16  FOR THE PLAINTIFFS:       J. GREGORY LOCKWOOD
                              Attorney at Law
17                            421 W. Riverside Ave., Ste. 960
                              Spokane, Washington 99201
18

    FOR THE DEFENDANT         MICHELLE K. FOSSUM
19  SPOKANE REGIONAL          Attorney at Law
    HEALTH DISTRICT:          201 W. North River Dr., Ste. 460
20                            Spokane, Washington 99202

21  FOR THE DEFENDANT         STANLEY E. PERDUE
    HANNA:                    Attorney at Law
22                            41 Camino Los Angelistos
                              Galisteo, New Mexico 87540
23

            Allison R. Stovall, CCR No. 2006
24                Official Court Reporter
          1116 W. Broadway, Department No. 2
25            Spokane, Washington 99260
                    (509) 477-4417

1

**Exhibit "O"**

1       In October 2013, the Health District and Hannas

2   entered into a written agreement that required the drain

3   field to be moved within 30 days of the conclusion of some

4   pending litigation, what I'll refer to as the appeal that

5   included Margitan, Hannas, and some other parties.

6       On November 29 of '13, Mr. Margitan sent a letter

7   that was received on December 4 of '13 by the Health

8   District that -- Mr. Margitan put them on notice that the

9   water line may be within ten feet of the drain field.

10      Then on September 3 of '14, the Margitans were

11  denied a certificate of occupancy until they had -- could

12  establish that they had potable water to that property.

13      All of the parties agree that the elements for

14  intentional interference with a business expectancy are as

15  follows:  (1) that there's a valid business expectancy that

16  existed; (2) that the defendants knew of that business

17  expectancy; (3) that the defendant intentionally interfered

18  by causing a breach of that business expectancy; (4) that

19  the defendant interfered with an improper purpose or by

20  improper means; and (5) that the defendant -- that the

21  plaintiff suffered damages as a result of the defendant's

22  interference.

23      The Regional Health District, without waiving their

24  objections to any of the elements, really focused their

25  challenge to elements two and four.  Hannas also focused on

**Exhibit "O"**

1    assertion.  One, the Margitans allege that the Health

2    District delayed enforcing compliance was a taking of their

3    property interest.  The *Woods View* case that was cited in

4    both briefs said that there's no authority that has been

5    found that a government delay can constitute a taking.

6         There's no dispute that the Health District has

7    required the Hannas to remove the drain field within 30 days

8    of the resolution of the pending appeal, which I understand

9    has now been resolved.  This delay in enforcement has never

10   been recognized as a taking.

11        Second, the Margitans have an ingress/egress and

12   utility easement upon this 40-foot section of the Hannas'

13   Parcel 2.  The Health District's agreement to allow Hannas

14   to delay moving that drain field has not in any way affected

15   the Margitans' rights to come and go from Parcel 3 or to

16   place utilities in that easement.  The fact that they may

17   have temporarily allowed the Hannas to use that land doesn't

18   detract from the Margitans' rights to ingress/egress and

19   utilities.

20        Third, there's no public use implicated in the

21   contract between the Hannas and the Regional Health

22   District.  The public was not allowed to use that easement

23   or to place utilities there.  The best that can be said is

24   that the Hannas are also being allowed to use the land that

25   they own subject to the Margitans' rights to ingress/egress

**Exhibit "O"**