Michelle K. Fossum
Kristina R. Montanez
Sayre Sayre & Fossum, PS
201 W. North River Dr., Suite 460
Spokane, WA 99201
Telephone: (509) 325-7330
Facsimile: (509) 325-7334
michelle@sayrelaw.com
kristina@sayrelaw.com
gina@sayrelaw.com

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

ALAN MARGITAN and GINA MARGITAN, husband and wife,

Plaintiffs,

vs.

SPOKANE REGIONAL HEALTH DISTRICT,

Defendant.

No. 2:19-cv-00323-RMP

**SRHD ANSWER TO COMPLAINT FOR DAMAGES**

---

Defendant Spokane Regional Health District ("SRHD") submits the following Answer to Plaintiff's Complaint for Damages. Unless specifically admitted herein, each and every allegation is denied.

**JURY DEMAND**

Plaintiffs' demand for a jury does not require a response by Defendant.

**INTRODUCTION**

Plaintiffs' introductory statement does not require a response by Defendant.

ANSWER TO COMPLAINT . . . P. 1



## I. PARTIES

1.1     SRHD admits the allegations set forth in paragraph 1.1 of Plaintiffs' Complaint.

1.2     SRHD admits that it is a municipal corporation operating in Spokane County with the capacity to sue and be sued. SRHD denies the remaining allegations set forth in paragraph 1.2 of Plaintiffs' Complaint.

## II. JURISDICTION AND VENUE

2.1     SRHD admits that Plaintiffs' claims include an alleged violation of 42 U.S.C. §1983. SRHD denies that it has violated Plaintiffs rights protected by that statute.

2.2     SRHD admits that the federal courts have jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2.3     SRHD admits that this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.4     SRHD admits that venue is proper in the United States District Court for the Eastern District of Washington.

## III. FACTUAL ALLEGATIONS

3.1     SRHD admits that Don Copley signed Short Plat 1227-00 on March 11, 2002. SRHD denies the remaining allegations set forth in paragraph 3.1 of Plaintiffs' Complaint.

3.2     SRHD denies the allegation set forth at paragraph 3.2 of Plaintiffs' Complaint.

3.3     SRHD admits the allegation set forth at paragraph 3.3 of Plaintiffs' Complaint.

3.4     SRHD admits that Short Plat 1227-00 identifies a 40-foot easement for

ANSWER TO COMPLAINT . . . P. 2



ingress, egress and utilities. SRHD denies the remaining allegations set forth in paragraph 3.4 of Plaintiffs' Complaint.

3.5 On information and belief, SRHD admits that Mark and Jennifer Hanna purchased Parcel 2 of Short Plat 1227-00 on or about May 1, 2002.

3.6 The Short Plat speaks for itself, and therefore no response is required from SRHD. To the extent a response is required, SRHD denies the allegation in paragraph 3.6 of Plaintiffs' Complaint.

3.7 SRHD admits that on or about June 6, 2002, an application for installation of an on-site septic system (No. 02-4270) was submitted to SRHD for parcel 2 of Short Plat 1227-00. SRHD denies the remaining allegations in paragraph 3.7 of Plaintiffs' Complaint.

3.8 SRHD denies the allegation set forth in paragraph 3.8 of Plaintiffs' Complaint.

3.9 SRHD admits that the drawing submitted in conjunction with Application No. 02-4270 represented a twenty-foot easement. SRHD denies the remaining allegations set forth in paragraph 3.9 of Plaintiffs' Complaint.

3.10 SRHD admits that it issued permit No. 02-4270 on or about January 10, 2003 based on the application submitted. SRHD denies the remaining allegations set forth in paragraph 3.10 of Plaintiffs' Complaint.

3.11 SRHD denies the allegation set forth in paragraph 3.11 of Plaintiffs' Complaint.

3.12 SRHD admits that on or about March 11, 2003, an As-Built drawing was submitted for the septic system installed pursuant to Permit No. 02-4270. SRHD denies the

ANSWER TO COMPLAINT . . . P. 3

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334


SAYRE SAYRE & FOSSUM  ATTORNEYS AT LAW

remaining allegations set forth in paragraph 3.12 of Plaintiffs' Complaint.

3.13    The As Built drawing speaks for itself and therefore no response is required from SRHD. To the extent a response is required, SRHD denies the allegation in paragraph 3.13 of Plaintiffs' Complaint.

3.14    On information and belief, SRHD admits the allegation set forth in paragraph 3.14 of Plaintiffs' Complaint.

3.15    SRHD admits that the easement provided for ingress, egress and utilities. SRHD denies the remaining allegations set forth in paragraph 3.15 of Plaintiffs' Complaint.

3.16    SRHD denies the allegations set forth in paragraph 3.16 of Plaintiffs' Complaint.

3.17    On information and belief, SRHD admits that Hannas commenced a civil action in Spokane County Superior Court on or about September 2, 2012. The documents filed with the Court in that action speak for themselves, and therefore no response is required from SRHD as to the nature of the claims. SRHD denies the remaining allegations set forth at paragraph 3.17 of Plaintiffs' Complaint.

3.18    SRHD is without information as to what Plaintiffs knew and/or when they knew it, and therefore SRHD denies the allegation set forth in paragraph 3.18 of Plaintiffs' Complaint.

3.19    SRHD admits that Plaintiff Allan Margitan notified SRHD that Hannas' drain field might extend into the easement in the summer of 2013. SRHD further admits that Plaintiff Allan Margitan notified SRHD that there may be an insufficient horizontal separation

ANSWER TO COMPLAINT . . . P. 4

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334

SAYRE SAYRE
& FOSSUM  ATTORNEYS AT LAW



between Plaintiffs' water line and Hannas' drain field in December of 2013. SRHD denies the remaining allegations set forth in paragraph 3.19 of Plaintiffs' Complaint.

3.20   SRHD admits the allegation set forth in paragraph 3.20 of Plaintiffs' Complaint.

3.21   SRHD admits that Hannas' drain field failed to comply with WAC 246-272A-210(1) Table IV which requires a five-foot horizontal separation between an easement and a drain field because a portion of the drain field was within the easement.

3.22   SRHD denies the allegation set forth in paragraph 3.22 of Plaintiffs' Complaint.

3.23   SRHD admits that Plaintiff Allan Margitan complained to SRHD in the summer of 2013 regarding the location of Hannas' drain field. SRHD denies the remaining allegations set forth in paragraph 3.23 of Plaintiffs' Complaint.

3.24   Steven Holderby's deposition speaks for itself, and therefore no response is required from SRHD. To the extent a response is required, SRHD denies the allegation set forth in paragraph 3.24 of Plaintiffs' Complaint.

3.25   SRHD admits that it sent Hannas a letter dated August 30, 2013 advising them, in part, that "[i]f the system does exist in the easement, it would be considered a nonconforming system and be subject to measures necessary to come into compliance with [WAC 246-272A-210(1) Table IV]." SRHD denies the remaining allegations set forth in paragraph 3.25 of Plaintiffs' Complaint.

3.26   SRHD admits that the As-Built drawing submitted to SRHD contained a

ANSWER TO COMPLAINT . . . P. 5

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

"replacement area". SRHD denies the remaining allegations set forth in paragraph 3.26 of Plaintiffs' Complaint.

3.27   SRHD denies the allegation set forth in paragraph 3.27 of Plaintiffs' Complaint on the basis that Hannas' on-site system was ultimately brought into compliance with the requirements of the Washington Administrative Code.

3.28   SRHD denies the allegation set forth in paragraph 3.28 of Plaintiffs' Complaint.

3.29   SRHD admits that it entered into an Agreement with Hannas in October of 2013 to "relocate the septic system or otherwise bring the on-site sewage system into compliance with the rules and regulations existing at the time of application." SRHD denies the remaining allegations set forth in paragraph 3.29 of Plaintiffs' Complaint.

3.30   SRHD admits the allegation set forth in paragraph 3.30 of Plaintiffs' Complaint.

3.31   Steven Holderby's deposition speaks for itself, and therefore no response is required from SRHD. To the extent a response is required, SRHD denies the allegation set forth in paragraph 3.31.

3.32   SRHD admits the allegation set forth in paragraph 3.32 of Plaintiffs' Complaint.

3.33   SRHD denies the allegation set forth in paragraph 3.33 of Plaintiffs' Complaint.

3.34   SRHD admits the allegation set forth in paragraph 3.34 of Plaintiffs'

ANSWER TO COMPLAINT . . . P. 6

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



Complaint.

3.35 Documents filed in the Spokane County litigation speak for themselves, and therefore no response is required by SRHD to the allegations set forth in paragraph 3.35 of Plaintiffs' Complaint.

3.36 Documents filed in the Spokane County litigation speak for themselves, and therefore no response is required by SRHD to the allegations set forth in paragraph 3.36 of Plaintiffs' Complaint.

3.37 SRHD denies the allegation set forth at Paragraph 3.37 of Plaintiffs' Complaint.

3.38 SRHD denies the allegation set forth in paragraph 3.38 of Plaintiffs' Complaint.

3.39 SRHD admits that on or about February 2, 2017, SRHD received an application for an on-site system for Hannas' property. SRHD denies the remaining allegations set forth in paragraph 3.39 of Plaintiffs' Complaint.

3.40 SRHD admits that Hannas have brought the on-site system into compliance with the requirements of WAC 246-272A-210 and have properly abandoned the drain field that was partially located within the easement. SRHD denies the remaining allegations set forth in paragraph 3.40 of Plaintiffs' Complaint.

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334

SAYRE SAYRE & FOSSUM  ATTORNEYS AT LAW

## IV. RESPONSE TO FIRST CAUSE OF ACTION
### Right to Due Process of Law; 42 U.S.C. § 1983;
### Fifth and Fourteenth Amendments to the United States Constitution;
### Article I, § 3 of the Washington State Constitution

4.1　SRHD restates its prior responses to paragraphs 1.1 through 3.40 as though set forth in full.

4.2　SRHD denies the allegation set forth in paragraph 4.2 of Plaintiffs' Complaint.

4.3　SRHD denies the allegation set forth in paragraph 4.3 of Plaintiffs' Complaint.

4.4　SRHD denies the allegation set forth in paragraph 4.4 of Plaintiffs' Complaint.

4.5　SRHD denies the allegation set forth in paragraph 4.5 of Plaintiffs' Complaint.

4.6　SRHD admits that the Washington State Department of Health indicated to SRHD in June of 2016 that in its opinion the waiver process set forth in WAC 246-272A-0210(1) could not be used where the drain field was located partially in an easement. SRHD further states that it notified Hannas on July 15, 2016 that their request for a waiver was denied. SRHD denies the remaining allegations set forth in paragraph 4.6 of Plaintiffs' Complaint.

4.7　SRHD denies the allegation set forth in paragraph 4.7 of Plaintiffs' Complaint.

4.8　SRHD denies the allegation set forth in paragraph 4.8 of Plaintiffs' Complaint.

## V. RESPONSE TO SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983; Equal Protection-
### Fourteenth Amendment to the United States Constitution;
### Article I, § 3 of the Washington State Constitution
### "Class of One claim"

5.1　SRHD restates its prior responses to paragraphs 1.1 through 4.8 as though set

ANSWER TO COMPLAINT . . . P. 8

201 W. North River Dr., Suite 460　Spokane, WA 99201-2262
(509) 325-7330　FAX (509) 325-7334



forth in full.

5.2     SRHD denies the allegations set forth in paragraph 5.2 of Plaintiffs' Complaint.

5.3     SRHD denies the allegations set forth in paragraph 5.3 of Plaintiffs' Complaint.

5.4     SRHD denies the allegations set forth in paragraph 5.4 of Plaintiffs' Complaint.

5.5     SRHD denies the allegations set forth in paragraph 5.5 of Plaintiffs' Complaint.

5.6     SRHD denies the allegations set forth in paragraph 5.6 of Plaintiffs' Complaint.

5.7     SRHD denies the allegations set forth in paragraph 5.7 of Plaintiffs' Complaint.

5.8     SRHD denies the allegations set forth in paragraph 5.8 of Plaintiffs' Complaint.

5.9     SRHD denies the allegations set forth in paragraph 5.9 of Plaintiffs' Complaint.

5.10    SRHD denies the allegations set forth in paragraph 5.10 of Plaintiffs' Complaint.

5.11    SRHD denies the allegations set forth in paragraph 5.11 of Plaintiffs' Complaint.

ANSWER TO COMPLAINT . . . P. 9

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334


SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

5.12    SRHD denies the allegations set forth in paragraph 5.12 of Plaintiffs' Complaint.

5.13    SRHD denies the allegations set forth in paragraph 5.13 of Plaintiffs' Complaint.

## VI. RESPONSE TO THIRD CAUSE OF ACTION
## 28 U.S.C. § 1367
### State Law Claim – Breach of Third-Party Beneficiary

6.1    SRHD restates its prior responses to paragraphs 1.1 through 5.13 as though set forth in full.

6.2    SRHD admits the allegation set forth in paragraph 6.2 of Plaintiffs' Complaint.

6.3    SRHD admits that it entered into an Agreement with Hannas in October of 2013. SRHD denies the remaining allegations set forth in paragraph 6.3 of Plaintiffs' Complaint.

6.4    SRHD denies the allegations set forth in paragraph 6.4 of Plaintiffs' Complaint.

6.5    SRHD denies the allegations set forth in paragraph 6.5 of Plaintiffs' Complaint.

6.6    SRHD denies the allegations set forth in paragraph 6.6 of Plaintiffs' Complaint.

6.7    SRHD denies the allegations set forth in paragraph 6.7 of Plaintiffs' Complaint.

ANSWER TO COMPLAINT . . . P. 10



## VII. RESPONSE TO FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

7.1   SRHD restates its prior responses to paragraphs 1.1 through 6.7 as though set forth in full.

7.2   SRHD admits that Plaintiffs' did not approve of the SRHD/Hanna Agreement.

7.3   SRHD admits that Plaintiffs' filed a civil action against SRHD. The documents in that action speak for themselves. SRHD denies the remaining allegations set forth in paragraph 7.3 of Plaintiffs' Complaint.

7.4   SRHD denies the allegations set forth in paragraph 7.4 of Plaintiffs' Complaint.

7.5   SRHD denies the allegations set forth in paragraph 7.5 of Plaintiffs' Complaint.

7.6   SRHD denies the allegations set forth in paragraph 7.6 of Plaintiffs' Complaint.

7.7   SRHD denies the allegations set forth in paragraph 7.7 of Plaintiffs' Complaint.

7.8   SRHD denies the allegations set forth in paragraph 7.8 of Plaintiffs' Complaint.

7.9   SRHD denies the allegations set forth in paragraph 7.9 of Plaintiffs' Complaint.

7.10  SRHD denies the allegations set forth in paragraph 7.10 of Plaintiffs' Complaint.

ANSWER TO COMPLAINT . . . P. 11

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

7.11 SRHD denies the allegations set forth in paragraph 7.11 of Plaintiffs' Complaint.

7.12 SRHD denies the allegations set forth in paragraph 7.12 of Plaintiffs' Complaint.

7.13 SRHD denies the allegations set forth in paragraph 7.13 of Plaintiffs' Complaint.

7.14 SRHD denies the allegations set forth in paragraph 7.14 of Plaintiffs' Complaint.

7.15 SRHD denies the allegations set forth in paragraph 7.15 of Plaintiffs' Complaint.

7.16 SRHD denies the allegations set forth in paragraph 7.16 of Plaintiffs' Complaint.

## VIII. RESPONSE TO FIFTH CAUSE OF ACTION
### Failure to Enforce WAC 242-272A-0210

8.1 SRHD restates its prior responses to paragraphs 1.1 through 7.16 as though set forth in full.

8.2 SRHD admits that Hannas have brought the on-site system into compliance with the requirements of WAC 246-272A-210 and have properly abandoned the drain field that was partially located within the easement. SRHD denies the remaining allegations set forth in paragraph 8.2 of Plaintiffs' Complaint.

8.3 SRHD denies the allegations set forth in paragraph 8.3 of Plaintiffs' Complaint.

ANSWER TO COMPLAINT . . . P. 12

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

8.4    SRHD denies the allegations set forth in paragraph 8.4 of Plaintiffs' Complaint.

## IX. AFFIRMATIVE DEFENSES

Having fully and completely responded to Plaintiffs' Complaint, SRHD asserts the following affirmative defenses without assuming any burden of proof that it does not have as a matter of law:

9.1    Plaintiffs' Complaint fails to state claims upon which relief may be granted, or for which damages and/or fees sought may be awarded.

9.2    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, consent, ratification, laches, estoppel, and/or the statute of limitations.

9.3    Plaintiffs' damages, if any, were caused by the contributory negligence, fault, or other comparative responsibility of persons or entities other than SRHD, including Plaintiffs, which bars or reduces Plaintiffs' claims in this action. In asserting this defense, Defendant does not admit any negligent or intentional conduct or that Plaintiffs suffered any injury, loss, or damage.

9.3    Plaintiff had the ability and opportunity to mitigate the alleged damages with respect to the subject matter in this action, and failed to mitigate alleged damages, if any were in fact incurred.

9.4    Plaintiffs' claims have been fully litigated, and as such are subject to issue and claim preclusion.

9.5    Plaintiffs' have failed to join necessary parties.

ANSWER TO COMPLAINT . . . P. 13



9.6     SRHD's statements in pleadings submitted to the Court to do provide a basis for relief due to the doctrine of privilege.

SRHD reserves the right to amend, modify, revise or supplement its Answer, and to plead such further affirmative defenses and take such further actions as it may deem proper and necessary to defend against Plaintiffs' allegations as appropriate as discovery progresses.

## X. REQUEST FOR RELIEF

Based on the foregoing, SRHD requests the following relief:

10.1    That Plaintiffs' Complaint against SRHD be dismissed with prejudice and without an award of relief to Plaintiffs.

10.2    That SRHD be awarded reasonable attorney's fees and costs.

10.3    That SRHD be awarded other and further relief as the Court deems fair and equitable.

DATED this 25th day of October, 2019.

SAYRE SAYRE & FOSSUM, P.S.

/s/ Michelle K. Fossum
Michelle K. Fossum, WSBA #20249
Kristina R. Montanez, WSBA #48549
Attorneys for Defendant Spokane
Regional Health District

ANSWER TO COMPLAINT . . .P. 14

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

J. Gregory Lockwood
Law Office of J. Gregory Lockwood, PLLC
421 W. Riverside Ave., Suite 960
Spokane WA 99201
Telephone: (509) 624-8200
Fax: (509) 623-1491
jgregorylockwood@hotmail.com

Dated this 25th day of October, 2019 at Spokane, Washington.

/s/ Michelle K. Fossum
Michelle K. Fossum
Sayre Sayre & Fossum, P.S.
201 W. North River Drive, Suite 460
Spokane, WA 99201
Tel: (509) 325-7330
Fax: (509) 325-7334
michelle@sayrelaw.com

ANSWER TO COMPLAINT . . . P. 15

